# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: February 13, 2018

| | | |
|---|---|---|
| * * * * * * * * * * * * | | |
| MARGARET ZAMORA, | * | UNPUBLISHED |
| | * | |
| Petitioner, | * | No. 16-567V |
| | * | |
| v. | * | Special Master Gowen |
| | * | |
| SECRETARY OF HEALTH | * | Attorneys' Fees and Costs; |
| AND HUMAN SERVICES, | * | Special Master's Discretion. |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * | | |

Howard Gold, Gold Law Firm, LLC, Wellesley Hills, MA, for petitioner.
Robert Coleman, United States Department of Justice, Washington, DC, for respondent.

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

On May 12, 2016, Margaret Zamora ("petitioner") filed a claim in the National Vaccine Injury Compensation Program,[2] alleging that she suffered from injuries, including Chronic Fatigue Syndrome, as a result of a TDaP vaccination she received on April 21, 2013. ECF No. 1. On December 29, 2017, I issued a decision dismissing petitioner's claim for insufficient proof. ECF No. 36.

On January 27, 2018, petitioner filed a motion for attorneys' fees and costs ("Motion"). ECF No. 37. Petitioner requests a total of $19,589.00 as reimbursement for attorneys' fees, and $4,235.88 as reimbursement for costs. Motion at 8-9. Thus, petitioner requests a total of $23,824.88 as reimbursement for attorneys' fees and costs. Id. at 1. In accordance with General Order #9, petitioner's counsel represents that petitioner has not incurred any costs in pursuit of this claim. Id.

---

[1] Pursuant to the E-Government Act of 2002, see 44 U.S.C. § 3501 note (2012), **because this decision contains a reasoned explanation for the action in this case, I intend to post it on the website of the United States Court of Federal Claims.** The court's website can be accessed at http://www.uscfc.uscourts.gov/aggregator/sources/7. Before the decision is posted on the court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). "An objecting party must provide the court with a proposed redacted version of the decision." Id. **If neither party files a motion for redaction within 14 days, the decision will be posted on the court's website without any changes.** Id.

[2] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-10 et seq. (hereinafter "Vaccine Act" or "the Act"). Hereafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

On February 6, 2018, respondent filed a response to petitioner's motion ("Response"). ECF No. 39. Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs." Response at 1. Further, respondent "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." *Id.* at 2. Respondent "respectfully recommends that the Special Master exercise his discretion and determine a reasonable award for attorneys' fees and costs." *Id.* at 3.

Petitioner has not filed a reply. This matter is now ripe for adjudication.

I and other special masters have previously found the hourly rates requested by petitioner's counsel to be reasonable. *Thompson v. Sec'y of Health & Human Servs.,* No. 16-1440V, 2017 WL 4053244 (Fed. Cl. Spec. Mstr. Aug. 14, 2017); *Tyrell v. Sec'y of Health & Human Servs.,* No. 15-870V, 2017 WL 2859459 (Fed. Cl. Spec. Mstr. June 9, 2017); *Cooper v. Sec'y of Health & Human Servs.,* No. 15-471V, 2017 WL 1435880 (Fed. Cl. Spec. Mstr. Mar. 30, 2017). In accord with those recent decisions, I find the hourly rates requested by petitioner's counsel to be reasonable and award them in full.

I have reviewed the billing records and invoices submitted with petitioner's motion. The billing entries reflect the nature of each task performed, the amount of time expended, and the person performing each task. The expenses incurred are well-documented and based on my experience they appear reasonable. I find no cause to adjust the time expended or the costs. Thus, the requested attorneys' fees and costs are awarded in full.

In accordance with the foregoing, petitioner's motion for attorneys' fees and costs is **GRANTED**. Accordingly, I award the following:

1) **A lump sum in the amount of $23,824.88, representing reimbursement for petitioner's attorneys' fees and costs, in the form of a check payable to petitioner and her attorney, Howard Gold, of Gold Law Firm, LLC.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court **SHALL ENTER JUDGMENT** herewith.[3]

**IT IS SO ORDERED.**

                                                             **s/Thomas L. Gowen**
                                                             Thomas L. Gowen
                                                             Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.